UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VIRGIL L. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-90 |
| | § | |
| CANDACE MOORE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff Virgil J. Jones's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claim for money damages against Defendants in their official capacities be dismissed as barred by

the Eleventh Amendment. It is respectfully recommended further that Plaintiff's claims against Defendants be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Lastly, it is respectfully recommended that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**I.    JURISDICTION.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.   BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. The facts giving rise to Plaintiff's claims in this civil rights action occurred in connection with his assignment to the McConnell Unit.

Plaintiff filed his original complaint on March 18, 2019, naming the following defendants: (1) Law Librarian Candace Moore; and (2) Officer Megan Thompson. Plaintiff alleges that Defendants denied him access to the courts when they confiscated his CDs containing exhibits to his trial transcripts and either lost them or had them destroyed. He does not indicate whether he sues each defendant in their individual capacities, their official capacities, or both. Plaintiff seeks injunctive and monetary relief.

On February 28, 2019, a *Spears*[1] hearing was conducted where Plaintiff was given an opportunity to explain his claims. The following allegations were made in Plaintiff's

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

original complaint (D.E. 1) or at the hearing. Following a jury trial, Plaintiff was convicted of indecent contact with a child and was sentenced on December 14, 2012 in Brazos County, Texas, to life imprisonment. Plaintiff, through counsel, appealed his conviction. The Texas appellate court affirmed the conviction. Plaintiff's petition for discretionary review (PDR) and subsequent state habeas petition were denied by the Texas Court of Criminal Appeals.

According to Plaintiff, three forensic interviews of the victim were contained on the CDs. Each of the forensic interviews were admitted into evidence at Plaintiff's trial. Two of the interviews were conducted before Plaintiff was charged with a crime. The victim testified in these interviews that Plaintiff had never touched her. In the third interview which took place fourteen months after the second one, the victim changed her story to say that Plaintiff had touched her. The third interview took place at a time when Plaintiff and his former wife were involved in a child custody battle.

At trial, the victim testified against Plaintiff. Plaintiff's counsel neither objected to the admissibility of the victim's inconsistent statements, cross-examine the victim on this issue, nor otherwise argued this issue to the jury. In his direct appeal, Plaintiff's counsel failed to raise the issue concerning the admissibility of the victim's inconsistent statements. In his PDR, Plaintiff claimed that counsel rendered ineffective assistance by not challenging the victim's inconsistent statements at trial. Plaintiff did not raise a similar claim in his state habeas petition. Plaintiff testified that his state habeas petition was denied sometime in 2014 or 2015.

The victim's statements were not included as part of trial testimony but instead were only contained in the exhibits. Plaintiff wrote Dr. Harry Bonnell, a forensic pathologist working in consultation with a Nevada law firm, in order to obtain his trial transcripts and exhibits. Plaintiff did not know whether Dr. Bonnell was an attorney. Dr. Bonnell sent Plaintiff paper copies of his trial transcripts. He also attempted to send Plaintiff copies of the trial's exhibits which were loaded onto CDs. Plaintiff has submitted various exhibits showing that a shipment containing one or more CDs was mailed from the "Bonnell Law Offices" on June 8, 2017, and received by Defendant Moore on June 13, 2017 in the McConnell Unit's law library. (D.E. 7-1, p. 2; D.E. 7-1, pp. 4-5). Dr. Bonnell included a note with the shipment informing Plaintiff that he did not see any viable issues that could be raised.

According to Plaintiff, the CDs containing the forensic interviews were sent to the unit's mailroom. No prison official working in the mailroom ever acknowledged that the CDs had arrived. Plaintiff's informal requests seeking information about his CDs were denied. After informing prison officials that the CDs were sent to him by Dr. Bonnell, Plaintiff was told that the CDs were contraband. Plaintiff was not given the opportunity to mail the CDs to his home residence or back to Dr. Bonnell. Plaintiff does not know whether the CDs were lost or destroyed. Plaintiff has not sought to recover a duplicate copy of the CDs from either Dr. Bonnell or the state court.

Plaintiff's Step 1 and Step 2 grievances complaining about the lost or destroyed CDs were denied as lacking merit since the CDs were contraband. He sues two officials in the law library, Defendants Moore and Thompson, as responsible for denying him

access to the CDs.  Plaintiff testified that he seeks to file a second state habeas petition and raise claims related to the victim's inconsistent statements in her interviews.

## III.  LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV. DISCUSSION.

### A. Official Capacity Claims

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver*, 276 F.3d at 742 (recognizing that the Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff sues Defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice.

### B. Access to Courts

Plaintiff claims that Defendants' actions in losing or destroying his CDs containing the victim's inconsistent statements has denied him his right to access the

6 / 10

courts. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones*, 188 F.3d at 325 (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable or nonfrivolous claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Accepting Plaintiff's allegations as true, Plaintiff has failed to state a plausible First Amendment claim for denial of access to the courts. Plaintiff's allegations indicate that he was well aware of the victim's inconsistent statements at the time he filed both his PDR and his first state habeas petition. Plaintiff claimed in his PDR that trial counsel had rendered ineffective assistance by not challenging the victim's inconsistent statements at trial. Plaintiff, therefore, already has had reasonable opportunities to file such claims challenging his conviction. *See Lewis*, 518 U.S. at 325.

Plaintiff asserts that he needed the exbibits from his trial in order to properly assert claims involving the victim's inconsistent statements in a second habeas petition. However, an applicant filing a state habeas proceeding is not required to submit trial transcripts or exhibits along with a state habeas petition. *See Martin v. Ramos*, No. 1:15-CV-171, 2015 WL 13446269 (E.D. Tex. Jun. 16, 2015) (citing [Article 11.07, Section 3(d) of the Texas Code of Criminal Procedure](#)). Furthermore, because Plaintiff is personally aware of the facts supporting claims involving the victim's inconsistent statements, he does not need the exhibits contained in the lost or destroyed CDs to raise such claims as part of a state habeas petition. In other words, Plaintiff has not offered any facts to indicate that the loss or destruction of his CDs actually prevented him from filing his second state application for a writ of habeas corpus. Because he fails to allege an actual injury, the undersigned respectfully recommends that Plaintiff's First Amendment claim against Defendants be dismissed as frivolous and/or for failure to state a claim for relief.

## V. CONCLUSION.

For the reasons stated above, it is respectfully recommended that Plaintiff's claim for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment. It is respectfully recommended further that Plaintiff's First Amendment claim against Defendants be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Lastly, it is respectfully recommended that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court forward a copy of this Memorandum and Recommendation to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 10th day of May, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).